NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0423-17T4

RESIDENTIAL MORTGAGE LOAN
TRUST 2013-TT2, BY U.S. BANK
NATIONAL ASSOCIATION, not in
its individual capacity, but solely as
legal title trustee,

     Plaintiff-Respondent,

v.

MORGAN STANLEY MORTGAGE
CAPITAL, INC., CONSUMER
SOLUTIONS, LLC, SAXON
MORTGAGE SERVICES, INC.,
U.S. BANK as custodian, NEW
CENTURY MORTGAGE
CORPORATION, NEW CENTURY
LIQUIDATING TRUST,

     Defendants,

and

CLAUDINEI BARROS and
REGIANE BARROS,

     Defendants-Appellants.

_____

| APPROVED FOR PUBLICATION |
| --- |
| **December 19, 2018** |
| **APPELLATE DIVISION** |

Argued October 11, 2018 – Decided  December 19, 2018

Before Judges Nugent, Reisner and Mawla.[1]

On appeal from Superior Court of New Jersey, Chancery Division, Union County, Docket No. C-000108-15.

Roy J. Thibodaux, III argued the cause for appellants (Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC, attorneys; Roy J. Thibodaux, III, on the briefs).

Kiera McFadden-Roan argued the cause for respondent (Parker McCay PA, attorneys; Kiera McFadden-Roan and Gene Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

The opinion of the court was delivered by

REISNER, J.A.D.

In this foreclosure-related case, defendants Claudinei and Regiane Barros appeal from a September 13, 2017 order, granting summary judgment to plaintiff, Residential Mortgage Loan Trust 2013-TT2 (Residential Mortgage), represented by its trustee, U.S. Bank National Association, and a September 1, 2017 order denying defendants' summary judgment motion.

The order granting summary judgment deemed plaintiff to be the holder and owner of a $765,000 note that Claudinei Barros executed in favor of Wall Street Financial Corporation in 2006. The order also deemed plaintiff to be the

---

[1] Judge Mawla did not participate in oral argument. He joins in the opinion with the consent of counsel. R. 2:13-2(b).

assignee of the mortgage on defendants' house, which they both executed in 2006 to secure the note. The order barred plaintiff from pursuing a deficiency action against defendants under the note. It also barred the named institutional defendants, or any other entities, from any further interest in the note and mortgage, and required plaintiff to indemnify Claudinei and Regiane Barros against any entity that might in the future assert a claim to enforce the note or mortgage. Lastly, the order declared that plaintiff now had standing to file an action to foreclose the mortgage.

On this appeal, defendants contend that plaintiff's quiet title lawsuit was procedurally improper. They also argue that the action was barred by res judicata. Additionally, they assert that the case was not appropriate for summary judgment, because there were material factual disputes about the chain of title, and possible interested parties were not named in the complaint.

Our well-established standard of review is de novo, employing the Brill standard, the same test used by the trial court. See Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). After reviewing the record in light of that standard, we conclude that N.J.S.A. 46:18-13 authorized plaintiff to file an action to establish its right to enforce the mortgage. We also conclude that the lawsuit was not barred by

3

res judicata, the case was ripe for summary judgment, and plaintiff was entitled to prevail as a matter of law. Accordingly, we affirm the orders on appeal.

I

To put the first issue in context, in order to foreclose a mortgage, a plaintiff must prove that it owns or controls the mortgage and the underlying note. See Capital One, N.A. v. Peck, 455 N.J. Super. 254, 258-59 (App. Div. 2018); Deutsche Bank Nat. Trust Co. v. Mitchell, 422 N.J. Super. 214, 224 (App. Div. 2011). The required proofs are needed to establish the plaintiff's standing to pursue the action. See Peck, 455 N.J. Super. at 258-59; Mitchell, 422 N.J. Super. at 224-25. However, proof that the plaintiff owns the relevant instruments is also important for the defendant's protection. Otherwise, for example, after the plaintiff forecloses, a second purported owner might come forward and sue the defendant to collect on the note. See Peck, 455 N.J. Super. at 259. Or, if the defendant redeems the property by paying the first plaintiff, the second claimant might seek to foreclose on the property, claiming to be the rightful holder of the mortgage. Consequently, a foreclosure plaintiff risks dismissal of the action if it cannot prove standing. See Deutsche Bank Nat. Trust Co. v. Russo, 429 N.J. Super. 91, 100 (App. Div. 2012) (quoting Bank of New York v. Raftogianis, 418 N.J. Super. 323, 356 (Ch. Div. 2010)).

A-0423-17T4

Pertinent to that background, this appeal concerns a mortgage and note that were transferred multiple times. At some point, it appears that the original documents were lost. Defendants do not dispute that they defaulted on the mortgage in April 2007. Thereafter, two different entities filed foreclosure actions. The first action, filed by Saxon Mortgage Services, Inc., was eventually dismissed without prejudice on March 30, 2012.[2] The second foreclosure action, filed by Deutsche Bank on April 24, 2012, was dismissed without prejudice in 2013, for lack of proof of standing.

After its foreclosure complaint was dismissed, Deutsche Bank assigned its rights to plaintiff Residential Mortgage. Thereafter, in October 2015, plaintiff filed a General Equity lawsuit in the nature of a quiet title action, seeking to establish its rights as the holder of the note and mortgage, so that it could file a foreclosure action supported by proof of its standing.

As in the trial court, defendants contend on appeal that plaintiff had no right to pursue the quiet title action in General Equity, but instead was required to seek relief in a foreclosure action. We disagree.

---

[2] We derive this information from the trial court's online docketing system. Neither party provided information concerning the reason for the dismissal.

A-0423-17T4

In 2016, the Legislature, acting on a recommendation from the New Jersey Law Revision Commission (Commission), adopted legislation addressing this situation.  N.J.S.A. 46:18-13; L. 2015, c. 225 (effective February 18, 2016). The statute provides that "only the established holder of a mortgage" may "take action to foreclose a mortgage." N.J.S.A. 46:18-13(a).  The "established holder" is ordinarily the "record holder" as established through the current recorded assignment or the original recorded mortgage.    N.J.S.A.  46:18-13(b)(1). However, the statute also permits an entity to establish its rights as an established holder by filing a civil action "joining as defendants the record holder of the mortgage, the mortgagor, and any other person known to have an interest in the mortgage." N.J.S.A. 46:18-13(b)(2).

The legislative history of the statute illustrates its purpose.    The Commission acknowledged that, under current practice in the banking industry, mortgages may be transferred multiple times and may not be recorded in the name of the current owner until and unless the mortgage needs to be foreclosed. The Commission also recognized a need to formalize a procedure to establish the rights of an alleged holder in a situation where an assignment cannot be produced at the time of a foreclosure action.

> This section allows only a mortgage holder to foreclose a mortgage.  Subsection (b) defines what is meant by

A-0423-17T4

"mortgage holder".  In general, the mortgage holder is the entity recorded as such in the county recording office.  The Commission recognizes that for most of the period of the mortgage, the true party that is owed a debt on the mortgage may not be recorded in the county land records as the holder of the mortgage.  However, only a small number of mortgages need to be foreclosed.  At the time that foreclosure is imminent, to simplify the process, an assignment to the true entity that has the authority to enforce the note may be recorded.  Foreclosure can also be brought in the name of the recorded mortgage holder by another entity if a power of attorney is recorded.

There will be a few situations where assignments cannot be produced at the time of foreclosure, perhaps because the record holder no longer exists.  Subsection b(2) provides for those cases.  If another party claims to own the mortgage through unrecorded assignments or through possession of a bearer note or otherwise, that party may establish its rights in a civil action.

[N.J. Law Revision Comm'n, Final Report Relating to Mortgage Recording, cmt. 1, at 5 (2013).]

The Legislature confirmed its understanding of the issue the Commission raised:

The New Jersey Law Revision Commission recommended these changes to current mortgage recording law due to several relatively recent practices concerning mortgages.  In its report, the commission notes that the business that initiates a mortgage may well transfer it immediately; and typically, a mortgage will be transferred a number of times.  Some mortgages become security for bonds and are held by a trustee for the bondholders.  Others are held and traded through other investment vehicles.  Mortgages are managed by mortgage servicers that usually do not own the

mortgage. There are difficulties in proving that the plaintiff is the proper party to foreclose. The provisions of this bill would address these concerns by stating that only the established holder of a mortgage may foreclose a mortgage.

[Assembly Financial Institutions and Insurance Committee Statement to S. 1346 (2014).]

As previously noted, when plaintiff filed this action in General Equity, its attorney characterized the suit as analogous to a quiet title action. Although N.J.S.A. 46:18-13 was enacted after the litigation was filed, it makes clear that the Legislature has ratified this procedure.[3] Consequently, we reject defendants' argument that plaintiff had no legal right to file the action. Defendants assert the circular argument that, because plaintiff is not the holder of the mortgage, it has no standing to file a foreclosure action, but it can only attempt to establish standing in the context of a foreclosure action. That argument is contrary to the statute and is without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

---

[3] Neither party brought the new statute to the trial court's attention. Plaintiff first cited the statute at oral argument of the appeal, and we directed both sides to file supplemental briefs addressing the statute.

8

## II

We likewise reject defendants' argument that plaintiff was barred from filing this action by the doctrine of res judicata. Plaintiff's predecessor, Deutsche Bank, filed a previous foreclosure action that was dismissed for lack of proof of its standing. However, the foreclosure judge dismissed the action without prejudice, allowing Deutsche Bank to re-file the action if it could obtain proof that it was the holder of the note and mortgage. The current lawsuit – which was aimed at satisfying the foreclosure court's concern before refiling the foreclosure complaint – is not barred by res judicata. We agree with the reasoning set forth in the trial judge's written opinion, dated January 11, 2016, denying defendant's motion to dismiss on res judicata grounds. No further discussion of this point is warranted. R. 2:11-3(e)(1)(E).

## III

Next, we address what we conclude is the closest issue in the appeal: whether the record discloses material disputes of fact that preclude summary judgment.

The history of the mortgage and note were outlined in Judge Frederic S. Kessler's November 14, 2013 written opinion dismissing the Deutsche Bank foreclosure complaint. In his lengthy opinion, Judge Kessler detailed the

9

deficiencies in Deutsche Bank's proofs and concluded there was no legally competent evidence that its alleged predecessor in title, Consumer Solutions, LLC, "had any rights to the subject loan." The judge noted that Consumer Solutions claimed it received an assignment from New Century Mortgage Company, an entity that went into bankruptcy in April 2007. The judge reasoned that a transfer of New Century's assets would have required approval from the bankruptcy court; proof of such approval should have been in the court records, yet it was not produced. The judge noted that the lack of a chain of title might explain why Deutsche Bank "only paid 28 cents on the dollar for the assets that it allegedly received" from Consumer Solutions.

Judge Kessler concluded that although defendants sought the windfall of retaining their property without paying the mortgage, "it would be a greater windfall and greater injustice to require the payments to be made to an entity that is unable to establish any right to collect upon that obligation." However, he dismissed the action without prejudice to Deutsche Bank's right to institute a new foreclosure action "if it [could] obtain the requisite proof."

Deutsche Bank then sold its interest in the note and mortgage to plaintiff. Attempting to establish its right to the note and mortgage, and hence its right to institute a new foreclosure action, plaintiff filed a General Equity complaint. In

10

addition to naming the Barros defendants, the General Equity complaint purported to name as defendants every known entity that might possibly have a claim to an interest in the note and mortgage.

After reviewing the summary judgment evidence, and acknowledging that "the facts of this case display the worst of the mortgage/banking industry," General Equity Presiding Judge Katherine R. Dupuis nonetheless granted summary judgment. In essence, the judge found that, despite the tortured history, the undisputed material facts warranted granting plaintiff equitable relief. She noted that four years had passed since dismissal of the Deutsche Bank foreclosure action, and in those four years, "no entity has come forward seeking to enforce the note and mortgage." Significantly, Judge Dupuis found that plaintiff had named as defendants all known entities in the chain of title. The judge reasoned:

> As a court of [e]quity this court is faced with homeowners who have lived in the home since April 1, [2007] without payment of mortgage, interest, taxes or homeowners insurance. This is a period now exceeding 10 years. On the other hand, <u>the plaintiff has now noticed every bank or entity that has been named by either party as being in the chain of title</u>. None have answered, save two, and default [has been] entered as to the non-answering entities. The two that did answer have not objected to the relief sought.
>
> [Emphasis added.]

Defendants claim there are material disputes of fact as to the chain of title to the note and mortgage, and they contend it is not clear that plaintiff has named all parties with an interest in the instruments. Obviously, plaintiff filed this action because the chain of title is unclear. There is no dispute that defendants originally gave a mortgage to Wall Street Financial Corporation in 2006. There is no dispute that Wall Street Financial assigned the mortgage to New Century Mortgage Corp., which recorded the assignment.

New Century went into bankruptcy, and it is unclear which entity obtained assignment of the mortgage through the bankruptcy court. In a 2007 foreclosure action against defendants (F-21928-07), then-plaintiff Consumer Solutions claimed that it was the holder of an unrecorded assignment from New Century. In 2009, Consumer Solutions' servicing agent, Acqura Loan Services, filed a certification from an assistant vice president, attesting that the assignment document had been lost. In a March 23, 2009 certification, a Consumer Solutions vice president attested that Consumer Solutions was the lawful owner of the note, but the note was a lost instrument. [4] See Investors Bank v. Torres,

---

[4] The 2007 foreclosure complaint was originally filed by Saxon Mortgage Services, Inc., which may have been a servicing agent for Morgan Stanley Mortgage Capital, Inc., or vice versa. By 2009, when the certifications were

__ N.J. Super. __, __ (App. Div. 2018) (slip op. at 9-10) (holding that the holder of a lost note can validly transfer the right to enforce the note).

In the later Deutsche Bank foreclosure action (F-007398-12), the bank filed a February 28, 2013 certification from its servicing agent, attesting that New Century assigned the mortgage directly to Consumer Solutions, which then assigned it to Deutsche Bank.

Later on, in support of its General Equity complaint, plaintiff presented a different history. Attached to the complaint, plaintiff provided a May 30, 2013 certification from a Consumer Solutions vice president, attesting that on May 4, 2007, Consumer Solutions purchased the mortgage loan from Morgan Stanley Mortgage Capital, Inc. A mortgage loan purchase agreement was attached to the certification, but it is not clear whether the agreement listed the Barros mortgage. The vice president also attested that Consumer Solutions assigned the mortgage to Deutsche Bank as trustee for VCM Trust Series 2009-1. A recorded assignment from Consumer Solutions to Deutsche Bank, dated January

---

filed with the court, Consumer Solutions was the named plaintiff in the foreclosure action. In December 2009, Consumer Solutions filed a "foreclosure amended complaint to recite affidavit of lost assignment." See N.J.S.A. 12A:3-309 (enforcement of lost instruments). A certification of its attorney attested that Wall Street Financial had assigned the mortgage to Consumer Solutions, but the assignment document had been lost.

A-0423-17T4

16, 2012, was attached to the certification. The record also contains an assignment of the mortgage, dated March 14, 2014, from Deutsche Bank as trustee for VCM, to Residential Mortgage by its trustee U.S. Bank.

In its amended General Equity complaint, plaintiff described in detail efforts by its attorneys to track down the missing assignment documents, to determine whether and how Morgan Stanley obtained an assignment of the instruments from New Century. The representations in the complaint were not supported by certifications from the attorneys or other legally competent evidence. However, plaintiff did submit a certification of its counsel, attesting that she had contacted the bankruptcy trustee's attorney and attaching an email from the attorney. In the email, the bankruptcy attorney explained that, except for two loans not relevant to this case, when New Century was liquidated in 2008, it had no interest in any loans acquired prior to its bankruptcy filing. Additionally, the email advised that New Century's records were destroyed in 2016, under authority of the bankruptcy court.

There is no doubt that, during the course of several foreclosure actions, plaintiff and its predecessors, all of whom claimed title to the mortgage at one time, have presented contradictory evidence to the courts concerning the chain of title. We cannot tell whether the assorted certifications were made in good

faith, reflecting the various entities' records at the time, or whether they were made with no concern for their accuracy. We agree with the trial court's negative assessment of the history.

On the other hand, in their summary judgment papers, defendants did not produce any legally competent evidence that any entity, other than those named as defendants in the complaint, has an interest in the note and mortgage. Notably, defendants have not produced evidence that they made mortgage payments to any banks or mortgage companies other than the original mortgagee. In the context of this case, so long as defendants are indemnified against any future claims by entities other than plaintiff, they do not appear to have any genuine interest in the question of which bank owns the mortgage. And, the financial institutions named in the complaint have not contested plaintiff's ownership of the note and mortgage.

In enacting N.J.S.A. 46:18-13, the Legislature recognized the practical realities of the mortgage finance industry, where mortgages are bought and sold in bundles, and during which process the chain of title of a particular mortgage may become unclear. The purpose of N.J.S.A. 46:18-13 is to resolve cases where the chain of title of a mortgage is unclear, and where there may be competing claims of ownership. Therefore, in an action under section N.J.S.A.

46:18-13(b)(2), it is essential to ensure that all potential claimants are identified and named as defendants. Only then can the mortgagors be secure against post-foreclosure claims by other entities. See Peck, 455 N.J. Super. at 259. On the other hand, a plaintiff should not be denied judgment based on speculative assertions that there might possibly be another bank or mortgage company with an interest in the instruments.

In this case, there are certainly disputes of fact as to the chain of title. The disputes were created by the contradictory certifications that plaintiff and its predecessors placed before the courts in successive foreclosure actions. However, in the circumstances of this case, we are not persuaded that those factual disputes are material.

Plaintiff has established at least a colorable claim of ownership of the mortgage and note. As importantly, plaintiff has identified and served all of the other entities that appear of record to have a possible interest in the instruments. Those entities either did not answer or did not contest plaintiff's claim. Beyond delaying a foreclosure action, no purpose would be served by remanding this case for further proceedings. The summary judgment order in this case not only gives plaintiff standing to file a foreclosure action, it also bars post-foreclosure claims against defendants by other entities asserting an interest in the note or

16

mortgage, and it requires plaintiff to indemnify defendants in the event any such claims are filed. Thus, the legitimate interests of both sides are protected. Accordingly, we affirm the orders on appeal.[5]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] While defendants are now barred from contesting plaintiff's standing to file a foreclosure complaint, nothing in this opinion precludes defendants from asserting any other foreclosure-related defenses they may have in that action.

A-0423-17T4