NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0582-16T4

CAPITAL ONE, N.A.,

    Plaintiff-Respondent,

v.

JAMES I. PECK, IV,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 18, 2018**
>
> **APPELLATE DIVISION**

Argued April 25, 2018 — Decided June 18, 2018

Before Judges Fuentes, Koblitz, and Manahan.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-005201-13.

Nicolas A. Stratton argued the cause for appellant (Stratton Stepp, LLP, attorneys; Nicolas A. Stratton, on the brief).

Danielle Weslock argued the cause for respondent (McCarter & English, LLP, attorneys; Joseph Lubertazzi, Jr., of counsel and on the brief; Danielle Weslock, on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

In this appeal of an August 26, 2016 final residential foreclosure judgment, defendant James I. Peck, IV[1] contends that, after the promissory note, without the mortgage, was sold to Freddie Mac, and Capital One, N.A. (CONA) became the loan servicer on behalf of Freddie Mac, CONA could not foreclose on his home because it did not possess the note and a valid assignment of mortgage at the time it filed the complaint. He argues that only Freddie Mac had standing to foreclose. Although we agree that in these unusual circumstances where one entity owns the note and another the mortgage, both the note and a valid mortgage assignment are required to foreclose, we affirm in spite of certain irregularities.

Freddie Mac's form 10-K annual report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 provides the following information. The Federal Home Loan Mortgage Corporation, known as Freddie Mac, is a government sponsored enterprise (GSE) chartered by Congress in 1970. Its public mission is to provide liquidity, stability and affordability to the United States housing market. It does this primarily by purchasing residential mortgage loans originated by lenders. It does not

___

[1] Peck, who litigated this matter as a pro se attorney, died on July 2, 2016. We continue to refer to defendant as the party in interest in this opinion.

originate loans or lend money directly to mortgage borrowers. United States Securities and Exchange Commission, Form 10-K, "Federal Home Loan Mortgage Corporation," https://www.sec.gov/Archives/edgar/data/1026214/000102621418000020/a20174q10k.htm (last visited May 29, 2018).

On March 10, 2005, defendant executed a promissory note to Chevy Chase Bank, F.S.B., (CCB) which was secured by a residential mortgage by Mortgage Electronic Registration Systems, Inc. (MERS), for $258,750.[2] On July 28, 2005, CCB sold defendant's note to Freddie Mac, but retained the mortgage. In July 2009, CCB converted to a national bank and merged with CONA. Defendant defaulted on the loan in 2010, and did not pay the mortgage or taxes after that date. The original mortgage states: "MERS is a separate corporation that is acting solely as a nominee for [l]ender and [l]ender's successors and assigns." MERS, which also states in the "Assignment of Mortgage" that it is "acting solely as nominee for [CCB], its successors and assigns," assigned the

---

[2] "MERS is a private corporation which administers a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. . . . MERS, as nominee, does not have any real interest in the underlying debt, or the mortgage which secured that debt. It acts simply as an agent or 'straw man' for the lender." Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 332, 347 (Ch. Div. 2010).

A-0582-16T4

mortgage to CONA on February 9, 2011, more than one year after CCB merged into CONA.

At least since July 15, 2009, defendant received repeated notices that identified CONA as the servicer on the loan, although Freddie Mac remained the investor. Defendant also conceded that he made payments to CONA. In June 2012, the court dismissed without prejudice an earlier foreclosure proceeding initiated by CONA, F-003445-11, because CONA failed to comply with the court-ordered deposition of an employee who could provide information about possible mortgage irregularities. CONA brought the original note to court in that proceeding. The note was subsequently returned to Freddie Mac later in 2012.

On February 15, 2013, CONA initiated the present foreclosure proceedings. The court dismissed the contesting answer on June 9, 2015, and referred the case to the Office of Foreclosure for entry of final judgment as uncontested. R. 4:64-1. Defendant's motion for reconsideration was denied on May 5, 2016 and his subsequent motion for summary judgment was denied on November 25, 2016, after defendant's death.[3] Defendant appeals from the entry of final judgment arguing that CONA lacked standing to foreclose.

---

[3] Defendant apparently filed this final motion shortly before he died.

Our review is de novo, applying the same legal standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)). If all the contesting pleadings have been stricken or otherwise deemed noncontesting, an action to foreclose a mortgage is deemed uncontested. R. 4:64-1(c)(3).

Defendant argues that because "Freddie Mac is the owner of [d]efendant's loan," it "is the only entity with the right to enforce the mortgage." He further argues that in order to validly assign a mortgage, the "assignment must contain evidence of the intent to transfer one's rights." (quoting K. Woodmere Assocs., LP v. Menk Corp., 316 N.J. Super. 306, 314 (App. Div. 1998)).

The court found that the material facts in controversy involved standing, and were limited to possession of the original note, endorsement of the note, the transfer of the note from CCB to Freddie Mac, and CONA's right to enforce the note. The trial court concluded, "[I]t's clear . . . that a bearer of the note endorsed in blank is the holder of the note [] and entitled to

enforce the note pursuant to N.J.S.A. 12A:3-301." Unquestionably, CONA had possession of the original note during the earlier foreclosure hearing in 2012.

In Mitchell, we held that a plaintiff may establish standing either through possession of the note or as an assignee under N.J.S.A. 46:9-9 "if it . . . presented an authenticated assignment indicating that it was assigned the note before it filed the original complaint." Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 224 (App. Div. 2011). We emphasized this holding in Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Thus, a plaintiff need not actually possess the original note at the time of filing in order to have standing to file a foreclosure complaint. Mitchell, 422 N.J. Super. at 225.[4]

In both Mitchell and Angeles we dealt with the usual foreclosure situation where one entity owns both the note and the mortgage. As Judge William C. Todd, III said: "It is difficult to imagine circumstances where one would want to hold a mortgage,

---

[4] Effective February 18, 2016, three years after the commencement of this foreclosure action, a new statute required that "[o]nly the established holder of a mortgage shall take action to foreclose a mortgage." N.J.S.A. 46:18-13(1)(a). Thus to have standing to foreclose, as of the effective date of this statute, a plaintiff must have an original mortgage or recorded assignment, or be found to be the record mortgage holder in a civil action. N.J.S.A. 46:18-13(1)(b).

without having the right to act on the underlying debt. By the same token, there is no technical reason why the interests could not be separated in one way or another." Raftogianis, 418 N.J. Super. at 345. Here we have such a situation: where Freddie Mac owns the note and CCB, now merged into CONA, retained the mortgage. To preclude the possibility of one entity foreclosing on the home while the other enforces the note, we now hold that when the note is separated from the mortgage, the plaintiff in a foreclosure action must demonstrate both possession of the note and a valid mortgage assignment prior to filing the complaint.

Defendant concedes that Freddie Mac, as owner of the note, had the right to foreclose on defendant's home. Defendant argues, however, that the mortgage was not legally retained by CCB, but followed the note by force of law. We reject that analysis. The issue is whether CONA, both the successor owner and assignee of the mortgage, and the loan servicer, had the right to foreclose. "Foreclosures must normally be processed or litigated in the [s]ervicer's name." Freddie Mac, Bulletin Number 2013-22, http://www.freddiemac.com/singlefamily/guide/bulletins/pdf/bll13 22.pdf (October 18, 2013). Freddie Mac's requirement that the servicer of the loan litigate a foreclosure in the servicer's name supports CONA's assertion regarding its authority to bring a foreclosure action.

A-0582-16T4

Standing is not a jurisdictional issue in New Jersey. Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). Depending on the equities of the particular proceeding, a foreclosure judgment may not be reversed, even if some irregularities in the foreclosure process are demonstrated by the defendant. See Angeles, 428 N.J. Super. at 320 ("In foreclosure matters, equity must be applied to plaintiffs as well as defendants.").

Here, MERS as nominee for CCB and its "successors" did assign the mortgage to CONA, a formality because CONA is a successor to CCB. Thus, CONA had both the original note and an assignment before filing this foreclosure complaint. The twist here is that CONA returned the original note to Freddie Mac, and obtained the assignment from MERS as nominee of CCB after CCB merged with CONA.

Given that defendant was provided more than sufficient notice that CONA was the servicer for Freddie Mac, given that Freddie Mac is a GSE that publicly declares its policy to foreclose through its servicers, and given that CONA did possess the note at an earlier foreclosure proceeding as well as an assignment from MERS, we do not find the irregularities here sufficient to reverse the foreclosure judgment. We do not intend by this decision to approve the way this foreclosure was prosecuted. The note should have

been in CONA's possession at the time it filed this foreclosure complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION