**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0912-16T4

NATIONSTAR MORTGAGE,
LLC,

      Plaintiff-Respondent,

v.

TEDD W. GUENZEL,

      Defendant-Appellant,

and

MRS. TEDD W. GUENZEL,
his wife, and TD BANK, N.A.,

      Defendants.

_____

         Submitted September 6, 2018 – Decided October 1, 2018

         Before Judges Rothstadt and DeAlmeida.

         On appeal from Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-037325-14.

         Tedd W. Guenzel, appellant pro se.

Sandelands Eyet, LLP, attorneys for respondent (Suzanne Q. Chamberlin, of counsel and on the brief).

PER CURIAM

Defendant Tedd W. Guenzel appeals from the Chancery Division's August 19, 2016[1] order denying his motion under Rule 4:50-1 to vacate the final judgment of foreclosure, and to dismiss with prejudice the complaint filed against him in this matter. Before denying his motion, the trial court had entered an order striking defendant's contesting answer because he failed to appear for trial on September 10, 2015, either personally or by telephone. The court also remanded the matter back to the Office of Foreclosure for processing as an uncontested action. Plaintiff filed a motion for entry of final judgment, which defendant opposed by filing a motion to fix the amount due. On March 18, 2016, the trial court denied his motion and on March 31, 2016, the court entered a final judgment.

Defendant filed his motion to vacate in July 2016, arguing that plaintiff did not have standing to bring this action because Fannie Mae was "the owner

---

[1] Defendant's original notice of appeal identified the final judgment and earlier orders as also being the subject of his appeal. However, after his appeal was procedurally dismissed and he sought reinstatement, we entered an order on December 21, 2016 granting him relief only as to the August 19, 2016 order, finding his appeal of the earlier orders and final judgment were untimely.

A-0912-16T4

of the mortgage note," which defendant did not know "until May 2016." He also submitted a "Statement of Undisputed Material Facts" challenging plaintiff's proofs relating to the assignment and ownership of the note and mortgage, and defendant's default under the note, because there was no evidence or testimony presented at a trial. The trial court denied defendant's motion, placing its reasons on the record and stating that there was no merit to defendant's challenges. As to the assignment, the court concluded that defendant was not "a party to that assignment and has no basis or standing to challenge that assignment." Ultimately, the court denied the motion because defendant was given an opportunity to challenge plaintiff's proofs at trial, but chose not to attend, obviating any necessity for the court to take testimony or have exhibits admitted at a trial. This appeal followed.

On appeal, defendant argues he is entitled to relief under Rule 4:50-1 based on the same challenges to plaintiff's entitlement to sue that he raised before the trial court—lack of standing to sue, lack of evidence of default, and invalid assignment of the mortgage.

We affirm substantially for the reasons expressed by the trial court. We conclude that defendant's arguments are without sufficient merit to warrant

A-0912-16T4

discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief remarks.

Where, as here, a "court has entered a default judgment . . . the party seeking to vacate the judgment must meet the standard of Rule 4:50-1." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We review the trial court's decision of whether to vacate or set aside the judgment under an abuse of discretion standard. Ibid. A "trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion," namely, where the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Defendant specified that his motion was made under Rule 4:50-1(c) and (f). A motion to vacate under Rule 4:50-1(c) must be based upon evidence that the judgment was the result of a fraud. It requires the movant to "allege with specificity the representation, its falsity, materiality, the speaker's knowledge or ignorance, and reliance." Palko v. Palko, 73 N.J. 395, 401 (1977) (Schreiber, J., dissenting); see also State v. Hill, 267 N.J. Super. 223, 226 (App. Div. 1993), rev'd on other grounds, 136 N.J. 292 (1994). Rule 4:50-1(f) is reserved for

"exceptional situations" where "truly exceptional circumstances are present." Morristown Hous. Auth. v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann v. Marinaro, 95 N.J. 380, 395 (1984)). Defendant has failed to satisfy either criteria, or any other section of the rule.

Even if defendant was correct that plaintiff lacked standing to bring the complaint, in the "post-judgment context, lack of standing would not constitute a meritorious defense to the foreclosure complaint." Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). Standing is therefore "not a jurisdictional issue in our state court system and . . . a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Ibid.

In any event, "we [have] held that either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Tr. Co. Ams. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)); see also Capital One, N.A. v. Peck, 455 N.J. Super. 254, 259 (App. Div. 2018) (holding that "when the note is separated from the mortgage, the plaintiff in a foreclosure action must demonstrate both possession of the note and a valid mortgage assignment prior to filing the

complaint"). Here, plaintiff submitted sufficient proof of its possession of the note to establish standing.

In support of his motion, defendant failed to present any evidence that raised any material issue as to the entry of the final judgment. "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd o.b., 273 N.J. Super. 542 (App. Div. 1994). No such issues were raised by defendant's motion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0912-16T4