**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0348-17T4

PENNYMAC LOAN
SERVICES, LLC,

      Plaintiff-Respondent,

v.

JOHN F. LEE, His Heirs, Devisees,
and Personal Representative and
His/Her, Their, or any of their
Successors in Right, Title and Interest,

      Defendant-Appellant,

and

MRS. LEE, Her Heirs, Devisees,
and Personal Representative and
His/Her, Their, or any of their
Successors in Right, Title and Interest,
JPMORGAN CHASE BANK, N.A.,
FORD MOTOR CREDIT COMPANY,
LLC, d/b/a LINCOLN AUTOMOTIVE
FINANCIAL,

      Defendants.

_____

Submitted October 30, 2018 – Decided November 13, 2018

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-000850-16.

John F. Lee, appellant pro se.

Blank Rome, LLP, attorneys for respondent (Matthew M. Maher, on the brief).

PER CURIAM

In this residential foreclosure action, defendant John Lee appeals from the final judgment of foreclosure, the order granting summary judgment, and the order denying his motion to vacate summary judgment. We conclude the trial court properly rejected defendant's arguments that plaintiff PennyMac Loan Services, LLC lacked standing to foreclose and violated the Home Ownership Security Act of 2002, N.J.S.A. 46:10B-22, (HOSA). We affirm.

As part of a mortgage loan transaction, defendant executed and delivered a $289,732 note to New Day Financial, LLC (New Day) on May 22, 2013. To secure the note, defendant signed and delivered a mortgage on his home in Little Egg Harbor Township to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for New Day. The mortgage was recorded in July 2013. MERS assigned the mortgage to plaintiff on October 22, 2015. The assignment

2

was recorded the following month.  The note was also transferred to plaintiff via an allonge.

Defendant defaulted on the note by failing to make the required payment on April 1, 2015, and all subsequent payments.  Plaintiff filed its foreclosure complaint in January 2016.  Defendant filed an answer containing several affirmative defenses, including lack of standing, violations of the Fair Foreclosure Act, and unclean hands.

Plaintiff's motion for summary judgment was granted in January 2017. The court entered final judgment of foreclosure in June 2017 and later denied defendant's motion for reconsideration.

On appeal, defendant seeks reversal, asserting: 1) plaintiff lacked standing to foreclose; and 2) plaintiff committed HOSA violations.  We consider these arguments de novo in a light most favorable to defendant as the non-moving party.  R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

To obtain relief in a mortgage foreclosure action, the mortgagee (or its successor in interest) must establish 1) the mortgage and loan documents are valid; 2) the mortgage loan is in default; and 3) it has a contractual right to foreclose in light of the default.  See, e.g., Great Falls Bank v. Pardo, 263 N.J.

Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). The mortgagee has the right to insist upon strict observance of the obligations contractually owed to it, including timely payment. Kaminski v. London Pub, Inc., 123 N.J. Super. 112, 116 (App. Div. 1973).

Here, plaintiff owned the note and the mortgage via an allonge and assignment from New Day and MERS, respectively. Combined with the defendant's failure to make the requisite payments, plaintiff had the right to enforce the mortgage and notes by way of foreclosure.

Defendant's standing argument is based on plaintiff's sale of the loan to Massachusetts Mutual Life Insurance Company in February 2016. However, the sale of the loan did not occur until after plaintiff filed its complaint. "[W]hen the note is separated from the mortgage, the plaintiff in a foreclosure action must demonstrate both possession of the note and a valid mortgage assignment prior to filing the complaint." Capital One, N.A. v. Peck, 455 N.J. Super. 254, 259 (App. Div. 2018). Here, plaintiff demonstrated possession of both the note and mortgage at the time it filed its complaint. Thus, the subsequent sale of the loan did not destroy plaintiff's standing.

Defendant also argues plaintiff lacked standing, claiming the notice of intent to foreclose sent to defendant misstated plaintiff as the lender. The record

4

does not support this claim; however, even assuming defendant is correct, the fact that the lender is misnamed is not a valid defense to a foreclosure action. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 480 (2012).

Lastly, defendant argues plaintiff violated HOSA by charging excessive late fees. Under HOSA, late fees may not exceed five percent of the amount of the past due payment. N.J.S.A. 46:10B-25(d). Defendant failed to offer competent proof that plaintiff imposed any late fees not authorized by HOSA.

To the extent we have not addressed any other argument raised by plaintiff, we deem such arguments to lack sufficient merit to warrant comment in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0348-17T4