**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0910-17T2

THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK,
AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF THE
CWALT, INC., ALTERNATIVE LOAN
TRUST 2006-45TI, MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2006-45T1,

     Plaintiff-Respondent,

v.

PHONG N. TRAN and CHARLOTTE
L. TRAN, husband and wife,

     Defendants-Appellants,

and

SUN TRUST BANK and STATE OF
NEW JERSEY,

     Defendants,

and

PHONG N. TRAN and CHARLOTTE
L. TRAN, husband and wife,

Third-Party Plaintiffs,

v.

AMERICA'S WHOLESALE LENDER and
THE BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK, THE
BANK OF NEW YORK MELLON f/k/a
THE BANK OF NEW YORK AS TRUSTEE
FOR SECURITIZED TRUST ALTERNATIVE
LOAN TRUST 2006-45T1; COUNTRYWIDE
HOME LOANS, INC.; CWALT, INC.;
COUNTRYWIDE HOME LOANS SERVICING,
LP; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS a/k/a "MERS",

Third-Party Defendants.

_____

Submitted December 4, 2018 – Decided February 5, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-014048-16.

Tran & Tran Law Firm, LLC, attorneys for appellants (Phong N. Tran, on the brief).

Mattleman, Weinroth & Miller, PC, attorneys for respondent (Robert W. Williams, on the brief).

PER CURIAM

A-0910-17T2

In this residential foreclosure matter, defendants Phong N. and Charlotte L. Tran appeal from a September 12, 2017 final judgment and a May 15, 2017 order striking their contesting answer and affirmative defenses, dismissing their counterclaims and third-party complaint, and entering default against them. Defendants argue that plaintiff, the Bank of New York Mellon (the Bank),[1] failed to establish that it was the holder of the note, or the assignee of the mortgage, and therefore lacked standing to foreclose. Defendants also argue that the Chancery court misapplied the law concerning the rights of a holder in due course.

Defendants made these same arguments before the Chancery court and Judge Paula T. Dow analyzed and correctly rejected those arguments in a written opinion issued on May 15, 2017. We affirm for the reasons explained in Judge Dow's thorough opinion.

The Bank submitted competent evidence establishing that (1) defendant Phong N. Tran borrowed over $609,000, (2) he executed a promissory note and mortgage, (3) the mortgage was recorded, (4) defendants defaulted on the note

---

[1] The Bank's full name is The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for the Certificate holders of the CWALT, Inc., Alternative Loan Trust 2006-45TI, Mortgage Pass-Through Certificates, Series 2006-45TI.

in May 2011, and have not made payments since that default, (5) the mortgage was assigned to the Bank in August 2011, (6) that assignment was recorded, and (7) the Bank took possession of the note and was the holder of the note when it instituted the foreclosure action against defendants. Those facts were established by a certification from an individual with personal knowledge. Judge Dow correctly found that the certification was both competent and admissible. See R. 1:6-6; N.J.R.E. 803(c)(6).

Judge Dow correctly ruled the Bank had standing to pursue the foreclosure action as it was both the assignee of the mortgage and the holder of the note. See, e.g., Capital One, NA v. Peck, 455 N.J. Super. 254, 258 (App. Div. 2018); Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011). Moreover, Judge Dow considered, but rejected defendants' affirmative defenses, counterclaims, and third-party complaint for various legal reasons. In that regard, Judge Dow analyzed the affirmative defenses, counterclaims, and claims against third parties that were not merely conclusory and explained in her written decision why those claims and defenses lacked merit as a matter of law. Having reviewed those rulings de novo, we agree with each of Judge Dow's rulings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0910-17T2