**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0040-18T2

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS
OF THE CWABS, INC., ASSET-
BACKED CERTIFICATES,
SERIES 2006-7,

     Plaintiff-Respondent,

v.

ANDREW J. MICALI, JR.,

     Defendant-Appellant.

_____

Submitted October 3, 2019 – Decided October 23, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-021941-15.

Beckett Key Law Group, attorney for appellant (Danielle Marie Key, on the brief.)

KML Law Group, PC, attorneys for respondent (Ujala Aftab, of counsel and on the brief.)

PER CURIAM

Defendant appeals from a July 19, 2018 final judgment of foreclosure. We affirm.

On March 8, 2006, defendant executed a promissory note and mortgage in favor of America's Wholesale Lender (AWL) for property located at 126 North Princeton Avenue, Ventnor, New Jersey. Mortgage Electronic Registration Systems (MERS), as nominee for AWL, was named the mortgagee. In April 2009, defendant defaulted on the note.

MERS assigned the mortgage to plaintiff on January 8, 2010, which was recorded in March 2010. Plaintiff's loan servicer, Specialized Loan Servicing, LLC (SLS), sent the notice of default and intent to foreclose to defendant in May 2014.

Due to a slight variance in the originally recorded name of plaintiff as assignee, plaintiff recorded a corrective assignment of mortgage on March 9, 2015.

Plaintiff filed a foreclosure action on June 19, 2015. Defendant answered, admitting he executed a note to AWL and owned the property pledged under the mortgage. Defendant challenged MERS's participation in the default and

2

foreclosure proceedings, and denied plaintiff had possession of the note or was otherwise a real party in interest. In addition, defendant asserted plaintiff's foreclosure action was barred by the doctrine of unclean hands.

Plaintiff moved for summary judgment, which the judge granted. The judge struck the unclean hands defense because defendant failed to link the asserted improper conduct by plaintiff to his mortgage transaction. In addition, the motion judge found plaintiff was in possession of the executed note and mortgage and thus had standing to foreclose. The judge also held the use of MERS, as nominee, did not render the various mortgage assignments defective. Further, the judge determined plaintiff's certification in support of summary judgment complied with the requirements of Rule 1:6-6.

On appeal, defendant contends plaintiff had unclean hands as a result of its unlawful conduct, precluding the entry of a judgment of foreclosure. Defendant also claims there were genuine issues of material fact and therefore summary judgment was improper. Further, defendant asserts the certification in support of plaintiff's summary judgment motion was inadmissible because the affiant lacked personal knowledge of the loan.

In reviewing a grant of summary judgment, we apply Rule 4:46-2(c), the same standard as applied by the trial court. Steinberg v. Sahara Sam's Oasis,

LLC, 226 N.J. 344, 349-50 (2016). We consider the factual record and reasonable inferences that can be drawn from those facts "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

We first consider defendant's contention that the judge erred in striking the unclean hands defense. To invoke the doctrine of unclean hands as a defense to a foreclosure action, a defendant is required to prove unfair conduct that is germane to the mortgage transaction. Leisure Tech.-Ne., Inc. v. Klingbeil Holding Co., 137 N.J. Super. 353, 358 (App. Div. 1975). In addition, a defendant must plead such a defense with the requisite factual specificity. R. 4:5-4; 4:6-5.

Here, defendant failed to assert his unclean hands defense with required factual specificity and adduce any competent evidence to support the defense. Defendant alleged that Gary McCafferty, who executed the assignment of mortgage to plaintiff, "resigned from the law firm following signing of this document after acknowledging that he and [his] firm were accused of widespread fraud in mortgage foreclosures . . . ." Defendant further contended

McCafferty "admitted in sworn depositions that attorneys never reviewed filings." Defendant also claimed improper conduct by the notary witnessing the mortgage led to the filing of a separate lawsuit claiming the notary was engaged in the unlawful practice of law. However, defendant never explained how the asserted improper conduct was connected to his mortgage transaction. Defendant's assertions were simply general, unsubstantiated allegations that implied all mortgages executed by plaintiff's attorneys and witnessed by the notary were improper. Absent any connection between the alleged improper conduct and defendant's mortgage transaction, the judge correctly dismissed the unclean hands defense.

We next review defendant's claim that factual disputes related to plaintiff's possession of the note precluded summary judgment. Defendant's original attorney inspected the original note during the summary judgment motion argument. The only issue raised by defendant's then-counsel as to plaintiff's possession of the note was that the note was transmitted with a cover letter from Bank of America. On appeal, defendant argues the cover letter raised a genuine dispute as to plaintiff's possession of the note and standing to foreclose.

A party seeking to foreclose on a mortgage "must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597

5

(App. Div. 2011) (quoting <u>Bank of N.Y. v. Raftogianis</u>, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)).

In response to defendant's issue concerning plaintiff's possession of the original note, the motion judge adjourned the motion so defense counsel could physically inspect the original note. When the original note was produced in court, the judge found plaintiff had possession of the note through an assignment of the mortgage. The judge correctly held that physical possession of the note is not required to confer standing in a foreclosure proceeding. <u>See</u> <u>Deutsche Bank Nat'l Trust Co. v. Mitchell</u>, 422 N.J. Super. 214, 216, 225 (App. Div. 2011) (holding a plaintiff must prove it either had possession of the note or an assignment of the mortgage prior to filing the complaint to have standing in a foreclosure action); <u>see also</u> <u>Capital One, N.A. v. Peck</u>, 455 N.J. Super. 254, 260 (App. Div. 2018) (affirming foreclosure judgment where plaintiff was assignee of mortgage from MERS even though it returned the original note to the assignor).

Defendant also claimed plaintiff lacked standing to foreclose because the assignment of the mortgage was invalid. Mortgages are freely assignable and enforceable by assignees, subject to reasonable set-offs and defenses available against the assignor. N.J.S.A. 46:9-9. An assignment must demonstrate an

6

intent to transfer rights and describe the subject matter of the assignment sufficiently "to make it capable of being readily identified." K. Woodmere Assocs., L.P. v. Menk Corp., 316 N.J. Super. 306, 314 (App. Div. 1998) (quoting 3 Williston, Contracts, (3d ed. Jaeger 1957), § 404 at 4).

Here, plaintiff presented evidence of its right to enforce the note as a valid assignee. The assignment of mortgage specifically demonstrated an intent to transfer all rights held by MERS, as nominee for AWL, to plaintiff. The assignment was recorded prior to the filing of the complaint and therefore defendant was on notice of the transfer of interest. See EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 142 (App. Div. 2008). Defendant's contention that the assignment to plaintiff was invalid is purely speculative and lacks any factual basis in the record. Therefore, the judge correctly held the mortgage was validly assigned to plaintiff despite the involvement of MERS as nominee, and plaintiff had standing to foreclose. See Raftogianis, 418 N.J. Super. at 344-46.

We also reject defendant's contention that the judge erred in considering the certification of Nicholas J. Raab, Assistant Vice President of SLS, in support of plaintiff's motion for summary judgment. Personal knowledge under Rule 1:6-6 is not limited to first-hand knowledge of the facts. In a foreclosure action, an affiant may certify knowledge based upon other sources, such as records

regularly kept in the course of business, as long as the affiant identifies the source of his or her knowledge. See R. 4:64-2(c)(2) ("the affiant shall confirm . . . that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business . . . .").

Here, the affiant relied on his review of business records regularly kept at SLS to attest to plaintiff's ownership of the note and mortgage. See N.J.R.E. 803(c)(6); Inv'rs Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018). An affiant's personal knowledge of mortgage records need not be acquired at the time of the inception of the mortgage. It is sufficient that the affiant (1) certifies the authenticity of the records, (2) has access to the plaintiff's business records, and (3) has personal knowledge of the plaintiff's business practices. See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 317-18 (App. Div. 2014).

Having reviewed the record, we are satisfied that summary judgment was properly granted. We agree with the motion judge that the affiant's certification complied with the requirements of Rule 1:6-6, and the statements contained in that certification met the business records exception to the hearsay rule under N.J.R.E. 803(c)(6). Nor were there any material issues of fact presented that

8

precluded summary judgment.  See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 545 (App. Div. 1994) ("The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.").  Plaintiff proffered sufficient evidence as to the validity of the mortgage, the amount of defendant's indebtedness, and its right under the documents to resort to foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0040-18T2