**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1313-20

U.S. BANK NATIONAL
ASSOCIATION, SUCCESSOR IN
INTEREST TO BANK OF
AMERICA, NATIONAL
ASSOCIATION, SUCCESSOR BY
MERGER TO LASALLE BANK
NATIONAL ASSOCIATION AS
TRUSTEE FOR GSAMP TRUST
2007-NCI MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2007-NC1,

     Plaintiff-Respondent,

v.

THOMAS U. ROGERS, HIS HEIRS,
DEVISEES AND PERSONAL
REPRESENTATIVES, AND HIS,
HERS, THEIR OR ANY OF THEIR
SUCCESSORS IN RIGHT, TITLE
AND INTEREST, RONALD R.
SHELDON, SR., PERSONAL
REPRESENTATIVE OF THE
ESTATE OF THOMAS U. ROGERS,
UNITED STATES OFAMERICA,
DEPARTMENT OF THE TREASURY-
INTERNAL REVENUE SERVICE,
and STATE OF NEW JERSEY,

Defendants,

and

FRANCES ROGERS,

Defendant-Appellant,

_____

Submitted February 28, 2022 – Decided March 18, 2022

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-023883-15.

Frances Rogers, appellant pro se.

Duane Morris, LLP, attorneys for respondent (Brett L. Messinger, of counsel and on the brief).

PER CURIAM

Defendant Frances Rogers appeals from the following orders: (1) a September 13, 2016 order granting summary judgment to plaintiff U.S. Bank National Association, successor in interest to Bank of America, National Association, successor by merger to LaSalle Bank National Association as Trustee for GSAMP Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1 (U.S. Bank); (2) a December 4, 2020 order denying defendant's motion for testimony and production of documents and cross-motion

to deny final judgment; and (3) a December 15, 2020 final foreclosure judgment. Because there is a material fact dispute in the record regarding the U.S. Bank's possession of the note and mortgage when it filed the foreclosure action, we reverse the September 13, 2016 order granting summary judgment to U.S. Bank and remand the matter to the trial court. Consequently, the orders entered after the September 13, 2016 order are void ab initio.

Defendant is the wife of defendant Thomas Rogers, who died in 2009. In 2006, Thomas Rogers executed and delivered a note to New Century Mortgage Corporation (New Century) for a loan in the amount of $190,800. A lien was placed on defendant's home to secure the loan, and defendant and her husband executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) serving as nominee for New Century. The mortgage was properly recorded.

New Century filed for bankruptcy and went into liquidation in 2007. The disposition of New Century's holdings at the time of the liquidation, specifically the note signed by Thomas Rogers, is unclear from the record on appeal.

In 2009, MERS assigned the mortgage to Bank of America, National Association as Successor by Merger to LaSalle Bank National Association, as Trustee under the Pooling and Servicing Agreement Dated as of February 1,

A-1313-20

2007, GSAMP Trust 2007-NC1 (BOA). The mortgage assignment was duly recorded on August 5, 2009.

In 2009, Thomas Rogers defaulted on the loan. BOA filed a foreclosure action on June 30, 2009. The foreclosure complaint stated BOA possessed the note and mortgage when it filed the foreclosure action. From October 2009 to June 2010, defendant made payments under the note to Litton Loan Servicing.[1] As a result of defendant's payments, in 2013, BOA voluntarily dismissed the foreclosure action.

In April 2014, BOA assigned the mortgage to U.S. Bank. The assignment of the mortgage was properly recorded.

Because defendant failed to cure the default by paying all sums due and owed on the note, U.S. Bank filed a foreclosure action on July 6, 2015. Defendant filed an answer, counterclaims, and motion to dismiss the foreclosure complaint.

U.S. Bank moved to dismiss defendant's counterclaims, relying on an October 16, 2013 order and memorandum of opinion in a United States District Court matter entitled Frances Rogers v. Brad A. Morrice, et al., Civil Action No.

---

[1] Ocwen Loan Servicing, LLC (Ocwen) succeeded Litton Loan Servicing as the loan servicer.

A-1313-20

12-7910 (JBS/KMW) (federal lawsuit). In the federal lawsuit, Frances Rogers, as plaintiff, asserted claims against U.S. Bank and several other defendants, which partially mirrored her counterclaims against U.S. Bank in the foreclosure action.

The federal court judge dismissed the federal lawsuit on procedural grounds after allowing Frances Rogers three separate opportunities to conform her deficient complaint consistent with the Federal Rules of Civil Procedure. In dismissing the federal lawsuit with prejudice, the federal court judge concluded "failures and refusals to conform [the pleading] with the Federal Rules obscure[d] the substance of [Frances Roger's] claims." However, the federal court judge noted the "failure to discuss a specific claim or assertion in the [c]omplaint . . . does not mean that the Court believes the claim or the assertion is without merit." In his October 16, 2013 order and memorandum of decision, the federal court judge based the dismissal on deficiencies and lack of clarity in the pleading, not on the merits of the asserted claims.

Relying on the dismissal of the federal lawsuit with prejudice, on December 4, 2015, the foreclosure judge granted U.S. Bank's motion to dismiss defendant's counterclaim and denied defendant's motion to dismiss the foreclosure action. The December 4, 2015 order is not the subject of this appeal.

A-1313-20

In June 2016, U.S. Bank moved for summary judgment. Defendant opposed U.S. Bank's motion and filed a series of motions seeking reinstatement of the counterclaim, dismissal of the foreclosure action, recusal of the foreclosure judge, and sanctions against U.S. Bank's counsel. In a September 13, 2016 order, the foreclosure judge granted U.S. Bank's motion for summary judgment, striking defendant's answer and suppressing her affirmative defenses. The foreclosure judge denied defendant's motions as lacking any factual bases or legal support. The foreclosure judge returned the case to the Office of Foreclosure as an uncontested matter.

In granting summary judgment, the foreclosure judge found "that [US Bank] is the holder of the Note and Mortgage dated November 28, 2006, in the principal amount of $190,800.00 . . . [and] the mortgage was recorded and assigned to [U.S. Bank] on April 7, 2014." The judge concluded defendant did not make monthly payments and the loan went into default on November 1, 2009. The foreclosure judge held "[d]efendant's two primary arguments – the subject mortgage was void due to an alleged conspiracy of lenders in the mortgage industry to defraud and deceive [d]efendant, and [p]laintiff failed to acquire the Note and Mortgage through a valid, unbroken chain of title – were already litigated and decided in favor of [U.S. Bank] in the Federal matter, 1:12-

A-1313-20

cv-07910-JBS-KMW." The foreclosure judge determined the documentation submitted by U.S. Bank in support of summary judgment

> show[ed] that prior to the filing of the foreclosure complaint, [it] had possession of the Note and Mortgage. The original Note was executed and delivered to New Century Mortgage Corporation. The Note was subsequently endorsed in blank and transferred to [p]laintiff. The Mortgage was assigned by [BOA] to [p]laintiff on April 7, 2014. Thus, [p]laintiff established standing, under the reasoning of Mitchell or Angeles, as an assignee by assignment made prior to the filing of the complaint, and possession of the note prior to the filing of the complaint.

On October 28, 2020, U.S. Bank moved for entry of final judgment. In response, defendant filed the following motions: (1) an Omnibus Cross-Motion for an Order: (a) denying final judgment to U.S. Bank, (b) "awarding defendant . . . equitable recoupment to extinguish amount declared due to [U.S. Bank]," (c) dismissing the foreclosure action with prejudice, and (d) "other relief;" (2) a "Motion for Testimony and Production of Documents," and (3) an "Objection to the Affidavit of Amount Declared Due for Final Judgment." U.S. Bank opposed defendant's motions.

In a December 4, 2020 order, the foreclosure judge denied defendant's motions and overruled defendant's objection to the amount due. She returned

the matter to the Office of Foreclosure for entry of final judgment. On December 15, 2020, U.S. Bank obtained a final foreclosure judgment.

On appeal, defendant raises several issues. She contests U.S. Bank's standing to file the foreclosure action. She also disputes the amounts due under the note and the date of default. Defendant further claims the loan servicer lacked the power of attorney to submit certifications in support of U.S. Bank's foreclosure action. Additionally, defendant contends the foreclosure judge should have allowed further discovery based on newly discovered evidence. Defendant also asserts a violation of her constitutional rights under the procedural and substantive Due Process Clause, the Equal Protection Clause, and Article I of the New Jersey Constitution.

We review the grant or denial of a motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 450, 472 (2020) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). The key inquiry is whether the evidence presented "is sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also Rozenblit v. Lyles, 245 N.J. 105, 121 (2021).

We consider facts on a summary judgment record in the light most favorable to the non-moving party. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013). In reviewing a summary judgment order, an appellate court must "confine [itself] to the original summary judgment record." Lombardi v. Masso, 207 N.J. 517, 542 (2011). We must determine whether there is a disputed fact sufficient to withstand summary judgment on the record before us.

We begin our review with defendant's claim U.S. Bank lacked standing to foreclose. A party seeking to foreclose on a mortgage must own or control the underlying debt at the time it files the foreclosure complaint. Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011).

Rule 4:64-1(b)(10) requires a foreclosure complaint state "the names of the original mortgagee and a recital of all assignments in the chain of title," if "the plaintiff is not the original mortgagee or original nominee mortgagee." When the note is separated from the mortgage, plaintiff must specifically prove it owns or controls the mortgage and the underlying note. Residential Mortg. Loan Tr. 2013-TT2 v. Morgan Stanley Mortg. Cap., Inc., 457 N.J. Super. 237, 240-41, 247-48 (App. Div. 2018).

We have held possession of the note or an assignment of the mortgage that predated the original complaint confers standing in a foreclosure action. See Deutsch Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012); Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 216, 225 (App. Div. 2011). However, in Capital One, N.A. v. Peck, 455 N.J. Super. 254, 259 (App. Div. 2018), we retreated slightly from the standard established in Angeles and Mitchell.

In Peck, we held where a "note is separated from the mortgage, the plaintiff in a foreclosure action must demonstrate both possession of the note and a valid mortgage assignment prior to filing the complaint." Ibid. We concluded possession of the note and assignment of the mortgage were required

to establish standing "[t]o preclude the possibility of one entity foreclosing on the home while the other enforces the note." Ibid.

Here, in support of its motion for summary judgment, U.S. Bank relied on a June 3, 2016 certification submitted by an Ocwen loan analyst, establishing U.S. Bank's possession of the note and mortgage to confer standing to foreclose. However, that certification is inconsistent with other information in the record.

The certification from the Ocwen loan analyst, submitted almost one year after U.S. Bank filed the foreclosure complaint, stated "[U.S. Bank] has been in possession of the [n]ote since on or before December 8, 2006." No other information regarding assignment of the note is contained in the analyst's certification. U.S. Bank's foreclosure complaint also lacks information regarding an assignment of the note from New Century[2] or BOA.

According to BOA's foreclosure complaint, as of 2009, BOA had possession of the note and mortgage. This presents an unresolved discrepancy in the record because the certification from the Ocwen loan analyst stated U.S. Bank had possession of the note since December 2006.

---

[2] There is no information in the record regarding disposition of the note after New Century's bankruptcy and liquidation.

11

As the non-moving party opposing U.S. Bank's summary judgment motion, defendant must be accorded every favorable inference. There is a factual dispute regarding U.S. Bank's possession of the note and mortgage on the date it filed the foreclosure complaint. U.S. Bank could not have possessed the note in December 2006 because BOA claimed it possessed the note in 2009. This discrepancy may, or may not, be attributable to a typographical error.

Because we are unable to determine from the record whether U.S. Bank possessed the note when it filed the foreclosure complaint, we are constrained to vacate the September 13, 2016 order granting summary judgment to U.S. Bank, striking defendant's answer and suppressing all defenses. As a result, the orders entered after September 2016 are void ab initio. We take no position on the merits of the foreclosure judge's rulings on orders other than the September 13, 2016 order.

We recognize litigation must eventually end. However, a party's right to a final judgment must be grounded on sufficient evidence in the record. Here, the basis upon which the final foreclosure judgment was premised, the foreclosure judge's finding U.S. Bank had standing to foreclose, is not conclusively established through the record on appeal.

A-1313-20

We remand the matter to the trial court. U.S. Bank may renew its motion for summary judgment, demonstrating it possessed the note and mortgage on the date it filed the foreclosure complaint. In the event U.S. Bank renews its summary judgment motion, U.S. Bank may need to rely on additional evidence. If U.S. Bank is allowed to submit additional evidence in support of summary judgment, defendant should be allowed to proffer additional evidence or information in opposition to a renewed summary judgment motion. We take no position regarding future motions that may be filed by either party.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION