**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3326-23

WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY, BUT
SOLELY AS TRUSTEE OF NRPL
TRUST 2019-1,

     Plaintiff-Respondent,

v.

RAYMOND F. SWOPE, JR. a/k/a
RAYMOND F. SWOPE,

     Defendant-Appellant,

and

CHRISTY SWOPE, COUNTY OF
MIDDLESEX, STATE OF NEW
JERSEY, and CYPRESS
FINANCIAL RECOVERIES, LLC,

     Defendants.

_____

Submitted May 13, 2025 – Decided May 28, 2025

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-006949-22.

Raymond F. Swope, Jr., appellant pro se.

Pluese, Becker & Saltzman, LLC, attorneys for respondent (Stuart H. West, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Raymond F. Swope appeals from the May 24, 2024 Chancery Division order granting plaintiff's motion for final judgment and denying his cross-motion to dismiss. We affirm.

I.

The parties are fully familiar with the relevant facts of this matter and, therefore, a brief summary will suffice here. On June 14, 2007, defendant executed a note in the amount of $318,750, to the original lender, Topdot Mortgage ("Topdot"). To secure payment of the note, defendant and Christy Swope signed and delivered a mortgage that encumbered 565 Willow Avenue in the Borough of Garwood to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Topdot. Through a series of subsequent assignments documented by plaintiff Wilmington Savings Fund Society, FSB ("WSFS") in its pleadings, plaintiff acquired both the note and the mortgage.

Defendant stopped making mortgage payments in January 2020. Plaintiff filed a complaint in foreclosure in July 2022. Defendant was served and filed a timely answer. Plaintiff then filed a motion for summary judgment which was granted over defendant's opposition in February 2023. Defendant's two motions for reconsideration and a subsequent motion to dismiss were also denied. In all four of these hearings, defendant's primary allegation was that plaintiff lacked standing.

Plaintiff then filed a motion for final judgment. Based upon the submission of a loss mitigation application, plaintiff withdrew the motion. When loss mitigation was not successful because defendant failed to complete the paperwork, plaintiff refiled the motion for final judgment in April 2024. In response, defendant filed a cross-motion to dismiss the foreclosure, based upon an allegation that plaintiff violated the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. 1024.41(c)(1). On May 24, 2024, defendant's cross-motion was denied and plaintiff's motion for final judgment was granted. The Chancery Judge filed an amended order of final judgment on June 13, 2024, solely for the purpose of including counsel fees, which were inadvertently excluded from the May 24, 2024 final judgment.

This appeal follows in which defendant argues:

A-3326-23

THE APPELLATE DIVISION COURT MUST
DECIDE WHETHER THE TRIAL COURT FAILED
TO [DETERMINE] THAT PLAINTIFF FAILED TO
PRESENT A CERTFICATION STATING IT WAS IN
POSSESSSION OF THE [ORIGINAL] NOTE AND IT
IS THE PAYEE ON THE NOTE, BECAUSE AT THE
ENTRY OF FINAL JUDGMENT THE RECORD
SHOWED PLAINTIFF ONLY HAD BEEN
ASSIGNED THE MORTGAGE PRIOR TO ITS
FILING OF THE FORECLOSURE COMPLAINT.

## II.

We review a decision granting a motion for entry of a final judgment of foreclosure for abuse of discretion. Customer's Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018). "'Although the ordinary "abuse of discretion" standard defies precise definition, it arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

We will not disturb a trial court's factual findings that are supported by the record. Balducci v. Cige, 240 N.J. 574, 595 (2020). We review legal issues de novo. See Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

4

III.

In a mortgage foreclosure proceeding, the court must determine three issues: "the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). On appeal, defendant does not contest the mortgage is valid, or that he is in default under the note. He argues only that the trial court has never correctly determined that plaintiff had standing to commence the foreclosure action. We disagree.

"Standing is not a jurisdictional issue in New Jersey." Capital One, N.A. v. Peck, 455 N.J. Super. 254, 259 (App. Div. 2018) (citing Deutsch Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App Div. 2012)). Instead, standing "is an element of justiciability" that "'affects whether a matter is appropriate for judicial review rather than whether the court has the power to review the matter . . . .'" Russo, 429 N.J. Super at 102 (quoting N.J. Citizens Action v. Riviera Motel Corp., 296 N.J. Super. 402, 411 (App. Div. 1997)).

To have standing in a foreclosure action, "'a party seeking to foreclose a mortgage must own or control the underlying debt.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v.

5

Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). If a party does not have ownership or control of the underlying debt, the complaint must be dismissed. Ibid. However, "possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216, 225 (App. Div. 2011)).

We are not persuaded by defendant's contention that the court never determined that plaintiff had standing. Before the final judgment on May 24, 2024, on four separate occasions the court had already determined that plaintiff established standing. Defendant's position also ignores the fact that the documents required to establish standing were presented to the court with the motion for summary judgment. Plaintiff was in possession of the original note, endorsed in blank and was assigned the mortgage prior to the filing of the complaint. Either of these circumstances is sufficient to confer standing on plaintiff.

On appeal, defendant also argues the trial court abused its discretion in deciding his cross-motion to dismiss because its "decision was 'made without a

6

rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  We are not persuaded.

While not directly addressed, defendant's argument appears to be based on provisions of RESPA and its accompanying regulations.  RESPA was enacted to protect borrowers from "certain abusive practices that have developed in some areas of the country."  12 U.S.C. § 2601(a).  Congress authorized the Consumer Financial Protection Bureau ("CFPB") to promulgate rules and regulations in furtherance of RESPA's goals.  12 U.S.C. § 2617(a).  Pertinent to this appeal, 12 C.F.R. § 1024.41(g) provides:

> [i]f a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than [thirty-seven] days before a foreclosure sale, a servicer shall not . . . conduct a foreclosure sale, unless:
>
> > (1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied;
> >
> > (2) The borrower rejects all loss mitigation options offered by the servicer; or

7

(3) The borrower fails to perform under an
agreement on a loss mitigation option.

Although borrowers have a private right of action to enforce the procedural requirements set forth in 12 C.F.R. § 1024.41, RESPA authorizes only monetary damages for violations, not dismissal of a judgment. 12 U.S.C. § 2605(f)(1)(A). Moreover, the trial court detailed how plaintiff had submitted evidence that it did not violate RESPA, highlighting that plaintiff had withdrawn its motion during a loss mitigation analysis. And plaintiff then refiled its motion for final judgment.

There was no abuse of discretion or error of law made by the court in granting plaintiff's motion for final judgment and denying defendant's cross-motion to dismiss.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3326-23