**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4149-19

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
IN TRUST FOR THE
REGISTERED HOLDERS OF
CHASE FUNDING MORTGAGE
LOAN, ASSET-BACKED
CERTIFICATES, SERIES 2004-2,

     Plaintiff-Respondent,

v.

JUSTO SANTOS,

     Defendant-Appellant,

and

ELVA SANTOS, her heirs,
devisees and personal
representatives and his, hers, their
or any of their successors in right,
title and interest, RONALD
SANTOS, MRS. SANTOS,
spouse of RONALD SANTOS,
STATE OF NEW JERSEY, and
UNITED STATES OF AMERICA,

     Defendants.

_____

Submitted April 12, 2021 – Decided May 5, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-020056-17.

Justo Santos, appellant pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Richard Nalbandian, III, on the brief).

PER CURIAM

In this foreclosure action, defendant Justo Santos appeals from the April 20, 2020 Chancery Division order denying his motion to vacate final judgment entered on April 4, 2019. After reviewing the contentions in light of the record and applicable legal principles, we affirm.

We glean these facts from the record. On March 11, 2004, Elva Santos, defendant's late wife, executed a promissory note to Chase Manhattan Mortgage Corporation (Chase) for $288,000. To secure the note, defendant and his wife executed a non-purchase money mortgage to Chase on the same day against property located on Grove Avenue in Verona. Defendants defaulted on the loan on May 1, 2007.

A-4149-19

On June 26, 2007, Chase assigned the mortgage to Wachovia Bank, N.A., which assignment was recorded on July 9, 2007. On February 24, 2017, Wells Fargo Bank, N.A. S/B/M[1] Wachovia Bank, N.A. (Wells Fargo) assigned the mortgage to plaintiff, U.S. Bank National Association, As Trustee In Trust For The Registered Holders Of Chase Funding Mortgage Loan, Asset-Backed Certificate, Series 2004-2, which assignment was recorded on March 20, 2017.

On August 25, 2017, plaintiff filed a complaint for foreclosure.[2] After default was entered, plaintiff moved for final judgment, which was entered on April 4, 2019. Plaintiff's motion was accompanied by a February 21, 2019 certification of an officer of its mortgage servicer, averring that "[p]laintiff, directly or through an agent, has possession of the [n]ote . . . ."

On March 2, 2020, eleven months after the entry of final judgment, defendant moved to vacate the judgment under Rule 4:50-1, arguing plaintiff lacked standing to foreclose because it failed to demonstrate ownership or control of the original note. In an order entered on April 20, 2020, the Chancery judge denied the motion. In an accompanying statement of reasons, the judge

---

[1] S/B/M refers to successor by merger.

[2] It is unclear from the record exactly when Elva Santos passed away. However, plaintiff filed an amended complaint to include defendant as heir to Elva Santos. The amended complaint is not included in the record.

A-4149-19

determined plaintiff established and demonstrated standing based on its possession of the note and assignment of the mortgage prior to the filing of the complaint.

On appeal, defendant renews his argument that plaintiff lacked standing to foreclose on the mortgage and asserts the judge "erroneously denied his [m]otion to [v]acate [f]inal [j]udgment." We disagree.

Under Rule 4:50-1,

> the court may relieve a party . . . from a final judgment . . . for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud . . . , misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Motions made under Rule 4:50-1 must be filed within a reasonable time, and motions based on subsections (a), (b), and (c) must be filed within a year of the judgment. R. 4:50-2; see also Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012) (citation omitted). However, the

4

one-year limitation for subsections (a), (b), and (c) does not mean that filing within one year automatically qualifies as "within a reasonable time." Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011).

A motion for relief under Rule 4:50-1 should be granted sparingly and is addressed to the sound discretion of the trial court, whose determination will not be disturbed absent a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]buse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's decision "is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, 209 N.J. at 467 (citation omitted).

Here, we discern no abuse of discretion. In order to have standing, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint." Angeles, 428 N.J. Super. at 318 (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216

5

(App. Div. 2011)). "Thus, a plaintiff need not actually possess the original note at the time of filing in order to have standing to file a foreclosure complaint." Capital One, N.A. v. Peck, 455 N.J. Super. 254, 258 (App. Div. 2018).

Moreover, "[s]tanding is not a jurisdictional issue in New Jersey." Id. at 259 (citing Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012)). Thus, "[d]epending on the equities of the particular proceeding, a foreclosure judgment may not be reversed, even if some irregularities in the foreclosure process are demonstrated by the defendant." Ibid. As a result, "a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Ibid.

Here, we are satisfied plaintiff had standing to foreclose based on the assignment of the mortgage from Wells Fargo prior to the filing of the foreclosure complaint. That fact is undisputed in the record. Accordingly, the final judgment was properly entered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4149-19